[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1700
Vincent Giagni (hereinafter appellee) applied to the Planning Zoning Commission of Greenwich for a coastal site plan approval. Approval was given on July 16, 1991. Notice of the Commission's decision was published on July 22, 1991. Edward Jurczenia and Allen Glazer, neighboring landowners, appealed the Commission's decision to the Superior Court. On July 17, 1992, this court affirmed the decision of the Commission.
Appellant Jurczenia then filed a petition for certification with the Appellate Court on August 6, 1992. The petition was dismissed as unnecessary on October 8, 1992. The Appellate Court granted permission to appellant to file a late appeal on or before October 28, 1992. Such appeal was filed on October 27, 1992.
On October 26, 1992, appellee filed a motion for protective order with the Superior Court. In the motion, appellee asks the court to toll all applicable statutory and regulatory time limits with respect to his coastal site plan approval. Appellee requests that the tolling begin "from the commencement of this appeal until final disposition of all appeals or other proceedings related thereto.
In appellee's memorandum of law in support of this motion, appellee discusses two limitations in particular that he claims require tolling in order to protect the viability of his site plan approval during the pendency of the Appellate Court's review. Appellee claims that 6-14.1(e) of the Greenwich Building Zone Regulations provides for a three year limit from site plan approval within which to start construction under a site plan. Further, appellee cites to General Statutes 8-3(i) which states:
 In the case of any site plan approved on or after October 1, 1984, except as provided in subsection (j) of this section, all work in connection with such site plan shall be completed within five years after the approval of the plan. The certificate of approval of such site plan shall state the date on which such five-year period expires. Failure to complete all work within such five year period shall result in automatic expiration of the approval of such site plan, except in the case of any site plan approved on or after October 1, 1989, the zoning commission or other municipal agency or official approving such site plan may grant one or more extensions CT Page 1701 of such five-year period, provided the total extension or extensions shall not exceed ten years from the date such site plan is approved.
According to appellee, the motion is an attempt to protect him from losing the approval of the site plan due to the alleged "stall tactics" of the appellant. Appellee does not want to be put in the position of being forced to start construction before the appellate process is complete so as to satisfy the Greenwich Building Zone Regulations. He claims that if he does so, he runs the risk of substantial loss if the Appellate Court overturns the Superior Court ruling. His other option would be to postpone taking any action and hope that the appellate process completes itself before the three year limit. He foresees a process that may be dragged out by appellant over a long period of time. A year and a half has already passed from date of approval. Thus, half the time allowed for start-up has already expired. In addition, only three and a half years remain for completion of the physical improvements required by the approved plan.
The equities favor the appellee. Appellant will suffer no legitimate harm if the time limits were tolled. On the other hand, appellee may suffer harm if the time limits were not tolled. However, regardless of the equities, this court does not have the power to toll the time limits set forth in the Greenwich building Zone Regulations and General Statutes 8-3(i). The motion is denied, but the appellee is directed to take his case to the Zoning Commission requesting an extension of the five-year period contained in General Statutes 8-3(i) and the three year period contained in 1-14.1(e) of the Building Zone Regulations.
WILLIAM F. HICKEY, JR., JUDGE